UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-81463-CIV-COHN

DONEL BOOTHER,

      Magistrate Judge White

    Petitioner,

vs.

WALTER MCNEIL, Secretary,
Department of Corrections,

    Respondent.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Petitioner's Motion for Reconsideration [and to] Vacate or Modify [DE 28].  The Court has carefully considered the motion and is otherwise fully advised in the premises.

    Petitioner was convicted in state court after a jury trial of robbery with a firearm, giving a false name upon being arrested, and resisting a police officer without violence.  He was sentenced to 20 years on Count I (with a mandatory minimum of 10 years) and time served on Counts II and III.  After an appeal and exhaustion of his claims in state court, Petitioner timely filed a § 2254 petition, asserting various claims.  See Final Judgment at 1-2 [DE 27].  This Court denied those claims.  Plaintiff now seeks reconsideration of the Court's Final Judgment.

    There are three grounds which justify the filing of a motion for reconsideration: "1) an intervening change in controlling law; 2) the availability of new evidence; and 3) the need to correct clear error or prevent manifest injustice."  Williams v. Cruise Ships Catering & Service Int'l, N.V., 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004); Reyher v. Equitable Life Assur. Soc., 900 F. Supp. 428, 430 (M.D. Fla. 1995).  A motion for

reconsideration is not intended to be a tool for relitigating what a court has already decided.  Reyher, 900 F. Supp. at 430.  Rather, it "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. (internal quotations omitted).

Petitioner's Motion repeats the various arguments made in his Objections to the Magistrate's forty-one (41) page Report discussing each of his claims.  While these arguments are not frivolous, the Court has previously considered each of them, and will not repeat that discussion here.  The Court concludes that Petitioner has not met his burden to show that reconsideration is warranted.

Therefore, it is **ORDERED AND ADJUDGED** that Petitioner's Motion for Reconsideration [and to] Vacate or Modify [DE 28] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 23rd day of September, 2011.

JAMES I. COHN
United States District Judge

copies to:

Donel Boother, pro se
via CM/ECF regular mail

Mitch Egber, AAG